

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| KARRY WALKER, § | |
| Plaintiff, § | |
| § | |
| vs. § | CIVIL ACTION NO. 8:15-cv-00301-MGL |
| § | |
| CITY OF CLEMSON, § | |
| Defendant. § | |

ORDER ADOPTING THE REPORT AND RECOMMENDATION
AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Plaintiff filed this lawsuit as a Title VII retaliation action. The parties are represented by excellent counsel. The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting that Defendant's motion for summary judgment be granted. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on May 10, 2016, Plaintiff filed her objections to the Report on May 25, 2016, and Defendant filed its reply on June 13, 2016. The Court has reviewed the objections, but finds them to be without merit. Therefore, it will enter judgment accordingly.

In this case, Plaintiff seeks to establish a violation of Title VII's anti-retaliation provision through the burden-shifting framework of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). Under the *McDonnell Douglas* framework, an employee must first establish a prima facie case of retaliation. *Id.* at 802. To do so, an employee must demonstrate "(1) she engaged in protected activity, (2) the employer acted adversely against her, and (3) there was a causal connection between the protected activity and the asserted adverse action." *Hoyle v. Freightliner, LLC*, 650 F.3d 321, 337 (4th Cir. 2001). Only if the employee successfully demonstrates a prima facie case of retaliation does the burden shift to the employer to articulate some legitimate, non-retaliatory reason for the adverse employment action. *See McDonnell Douglas*, 411 U.S. at 802. If the employer articulates a legitimate, nondiscriminatory reason, the burden shifts back to the employee to show that the articulated reason was actually a pretext for retaliation. *See id.* at 804.

Plaintiff makes two primary objections to the Report, with a number of specific objections stemming therefrom. First, Plaintiff objects to the Report by asserting that "[t]he Magistrate Judge failed to address facts in the record which favored Plaintiff and failed to construe all inferences and ambiguities against the movant and in favor of the non-moving party when holding that an intervening event broke the causal connection between the protected activity and the termination." ECF No. 46 at 1 (internal quotation marks omitted). The Court will now consider each of Plaintiff's sub-arguments to her first objection in turn.

2

Plaintiff initially propounds that the Magistrate Judge failed to recognize facts in favor of Plaintiff purportedly establishing that Chief Jimmy Dixon was the final and sole decision maker in determining to terminate Plaintiff. *Id.* at 1-3. Rather, Plaintiff contends, the Magistrate Judge inferred that Dixon, City Administrator Rick Cotton, and possibly City Attorney Kay Barrett were mutual decision makers in the case. *Id.* at 2. The evidence presented by Plaintiff shows that Dixon believed that the decision to terminate Plaintiff was solely his, ECF No. 31-9 at 59:17-24, and Plaintiff argues based on this testimony that the Magistrate Judge should have found that "Dixon was the sole decision maker and had no input from anyone," ECF No. 46 at 3.

Although Plaintiff is correct that the evidence supports a finding that Dixon was the sole decision maker in the decision to terminate Plaintiff, Plaintiff's application of this fact conflates the issue of causation with the issue of pretext. As is fully discussed below, Dixon's being the sole decision maker in choosing to terminate Plaintiff in no way changes the Magistrate Judge's suggestion that Plaintiff failed to establish the requisite causal connection between Plaintiff's alleged protected activity and her termination.

Plaintiff next alleges that "[t]he Magistrate Judge failed to address any of the specific reasons giv[en] by Dixon for Plaintiff's termination." ECF No. 46 at 3. Under Plaintiff's reasoning, Dixon did not honestly believe any of the reasons given for Plaintiff's termination, which were contained in Barrett's report, and because Dixon's stated reasons for terminating Plaintiff were allegedly false, Dixon's reliance on those reasons demonstrates pretext for retaliation. *Id.* at 3-11. Plaintiff further avers that the reasons Dixon relied on to terminate Plaintiff cannot be an intervening event because Dixon allegedly knew them to be false. *Id.* at 3, 10.

3

However, Plaintiff has again mistakenly conflated the issue of causation with the issue of pretext. Simply put, the Court need not reach the issue of pretext because Plaintiff has failed to establish a prima facie case of retaliation.

Plaintiff then claims that the Magistrate Judge neglected to consider "evidence and case law that Defendant changed the identity of the decision-maker to shield Dixon," that Defendant changed the reasons for termination throughout the various legal stages of the case, and that Defendant failed to follow its own policies, all of which the Magistrate Judge purportedly should have considered in her pretext analysis. *Id.* at 11-12. Nevertheless, as will be pointed out, Plaintiff's objection is without merit because she has failed to establish her prima facie case of retaliation, and thus the Court need not conduct an analysis under the other two prongs of *McDonnell Douglas*. Therefore, the Court will overrule Plaintiff's first objection.

Second, Plaintiff asseverates that "the Magistrate Judge also erred in finding . . . that Plaintiff cannot establish pretext," *id.* at 13, although, as already noted, the Court need not reach this issue. Plaintiff believes the Magistrate Judge erred in finding that Plaintiff failed to show a causal connection between her alleged protected activity and her termination and maintains that her objections demonstrate the requisite causal connection sufficient to show a prima facie case of retaliation. *Id.* at 13-14.

To demonstrate a causal connection between her alleged protected activity and her termination, a plaintiff asserting a retaliation claim must be able to show that her employer took the adverse action "'*because* the plaintiff engaged in a protected activity.'" *Holland v. Wash. Homes, Inc.*, 487 F.3d 208, 218 (4th Cir. 2007) (quoting *Dowe v. Total Action Against Poverty in Roanoke Valley*, 145 F.3d 653, 657 (4th Cir. 1998)). In certain circumstances, "very close" temporal

4

proximity between the protected activity and the adverse action can be probative of a causal connection. *See Clark Cty. Sch. Dist. v. Breeden*, 532 U.S. 268, 273-74 (2001). However, if intervening events occur between a plaintiff's protected activity and the adverse action that have a direct bearing on the adverse employment action, the causal connection will be broken. *See Cheshewalla v. Rand & Son Constr. Co.*, 415 F.3d 847, 852 (8th Cir. 2005) (holding that "intervening events eroded any causal connection suggested by the temporal proximity of [the employee's] protected conduct and her layoff" (internal quotation marks omitted)). In particular, the causal connection is broken where a plaintiff receives favorable evaluations or promotions between the time of the protected activity and the adverse action. *See, e.g.*, *Joiner v. Wal-Mart Stores, Inc.*, 114 F. Supp. 2d 400, 410 (W.D.N.C. 2000).

Contrary to Plaintiff's assertions, Plaintiff has failed to establish a prima facie case of retaliation because she cannot show a causal connection between her alleged protected activity and her termination. In this case, the Magistrate Judge recommended that even if the Court uses the September 2013 complaint date and finds that the one-month time period between that complaint and Plaintiff's termination in October 2013 "is sufficient to establish a causal connection, intervening events occurred between Plaintiff's complaints and her termination that had a direct bearing on the adverse employment action." ECF No. 44 at 17-18. This Court agrees.

Here, a number of intervening events occurred between Plaintiff's September 2013 complaint and her termination in October 2013. Specifically, Officer Brenda Link drafted a five-page letter to Cotton on September 13, 2013, notifying him of her intent to file a grievance against Plaintiff. ECF No. 31-7 at 14:23-15:24. Cotton then instructed Barrett to conduct her investigation and draft her report, wherein Barrett recommended that Plaintiff be terminated. *Id.*; ECF No. 31-3 at 112:8-

5

10. Notably, only Dixon knew of Plaintiff's alleged protected activity, as Link, Cotton, Barrett, and the employees interviewed by Barrett had no knowledge of Plaintiff's alleged protected activity. ECF No. 47 at 3. Moreover, Dixon gave Plaintiff an outstanding performance evaluation that resulted in a 3.5% pay raise after her September 2013 complaint. ECF No. 31-14 at 43-47. Where, as here, Plaintiff received a favorable evaluation from Dixon that resulted in a pay raise between the time of her alleged protected activity and her termination, the Court holds that the causal connection between Plaintiff's alleged protected activity and her termination was broken by intervening events, particularly when considered in combination with Link's letter to Cotton and Barrett's subsequent report, prepared at Cotton's direction. Given this evidence, it would be unreasonable to conclude otherwise. Therefore, the Court will also overrule this objection.

Because the Court has determined that Plaintiff has failed to show a causal connection between her alleged protected activity and her termination, she is therefore unable to demonstrate a prima facie case of retaliation. Consequently, the Court need not address the remaining two prongs of *McDonnell Douglas*, relating to the employer's non-discriminatory reasons for termination and the issue of pretext. "If the first reason given is independently sufficient, then all those that follow are surplusage; thus, the strength of the first makes all the rest *dicta*." *Karsten v. Kaiser Found. Health Plan of Mid-Atl. States, Inc.*, 36 F.3d 8, 11 (4th Cir. 1994).

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules Plaintiff's objections, adopts the Report to the extent that it does not contradict this Order, and incorporates it herein. Therefore, it is the judgment of this Court that Defendant's motion for summary judgment is **GRANTED**.

6

**IT IS SO ORDERED**.

Signed this 29th day of June, 2016, in Columbia, South Carolina.

s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE
